RELIEF REQUESTED
WITHOUT A HEARING

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:

Six Rivers Construction, LLC

    Debtor

Chapter 11
Case No. 24-20164

Midland States Bank

    Movant

v.

Six Rivers Construction, LLC
and
Jeffrey T. Piampiano, Subchapter V Trustee

    Respondents

## MOTION FOR ORDER APPROVING AGREEMENT FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Midland States Bank ("Movant"), creditor of the above-named debtor, and hereby moves this Court as follows:

1. This is a non-contested matter brought pursuant to 11 U.S.C. § 362(d) and D. Me. LBR 4001-1(b) and 9014-1(b).

2. The United States District Court for the District of Maine has jurisdiction of cases under Title 11 per 28 U.S.C. § 1334.

3. In D. Me. L.R. 83.6, the United States District Court for the District of Maine referred all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 to the bankruptcy judges of the district per 28 USC § 157(a).

4.Movant is a banking company doing business in Illinois and other states and is a creditor of Respondent Six Rivers Construction, LLC ("Debtor").

5.Debtor filed a voluntary bankruptcy petition under Chapter 11 of Title 11 U.S.C. with this Court on August 6, 2024.

6.Pursuant to 11 U.S.C. § 362(a), the filing of Debtor's petition operates as an automatic stay against Movant's rights as a creditor to proceed against Debtor and Debtor's property.

7.As of this date, Debtor continues to have an interest in certain personal property, namely a 2013 Peterbuilt 579, Vehicle Identification Number 1XPBD40X6DD192863 ("the collateral"). The collateral is believed to be located at the Debtor's place of business at 12 Center Park Road, Unit 7, Topsham, Maine.

8.As of the date of the filing of the petition in this case, the Debtor was indebted to Movant in the principal sum of $79,745.47, plus interest and additional charges, pursuant to a loan and security agreement dated December 16, 2022, a copy of which is attached hereto as **Exhibit A** ("the Agreement"). Movant is the current holder of the Agreement. The payment schedule for this obligation is as set forth in the Agreement.

9.The amount due to Movant under the Agreement as of August 6, 2024, was as follows: Principal: $79,745.47; Interest: $2,344.18; Suspense Interest: $2,517.81; Prepayment penalty: $3,189.82; Unamortized FASB Expense: $810.16; Unamortized Commission: $843.42; Total: $89,450.86. Pre-petition arrearage equaled $9,149.28.

10.Movant perfected its security interest in the collateral by recording with the State of Maine Secretary of State, Motor Vehicle Division. A copy of the Title Certificate showing Movant as first lienholder on the collateral is attached hereto as **Exhibit B.**

11. Movant believes the current fair market value of the collateral is $35,000.00 according to the Schedules filed by the Debtor in this case.

12. Movant is aware of one subordinate lien on the collateral which is held by Bay First National Bank, which, according to the Debtor's schedules, is owed $1,186,806.88.

13. As of November 1, 2024, Debtor has failed to make two post-petition payments towards this indebtedness as required by the terms of the Agreement. Payments of $2,056.32 are due under the terms of the Agreement on the 5th day of each month.

14. Debtor is not entitled to an exemption in the collateral.

15. Debtor has indicated its intent to surrender the collateral.

16. Debtor is unable to pay its present indebtedness as it matures and is insolvent.

17. Continuation of the automatic stay of 11 U.S.C. § 362(a) will work to the irreparable harm of Movant and will deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§ 362 and 363 for the following reasons, among others:

   a. Debtor is unable to offer Movant adequate protection within the meaning of 11 U.S.C. §§ 362 and 363 to which Movant is entitled as Debtor has indicated the intent to surrender the collateral and does not have the income necessary to make the payments as agreed toward the outstanding indebtedness.

   b. Debtor did not make post-petition payments as required by the Agreement.

   c. Debtor is without sufficient equity in the collateral.

   d. The collateral is not necessary for an effective reorganization.

18.     Movant requests that the Order to be issued in this case not be subject to the fourteen day stay provided for in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure but shall instead be effective immediately upon entry on the docket.

19.     Counsel for Movant conferred with counsel for the Debtor and the subchapter V Trustee prior to filing this Motion. As shown by the signed consent of counsel for the Debtor submitted herewith, Debtor consents to this Motion.  The subchapter V Trustee has verbally indicated to the undersigned counsel that he does not object this Motion and he does not believe that his signature consenting to the Motion is required.

WHEREFORE, Movant prays that this Honorable Court:

A.     Enter an order terminating the Automatic Stay provisions of 11 U.S.C. § 362(a) to permit Movant to lawfully repossess and enforce its security interest in the collateral presently in the possession of Debtor;

B.     Make the order immediately effective upon entry on the docket;

C.     Enter such other orders that the Court considers necessary and reasonable to adequately protect Movant's interests; and

D.     Grant such other and further relief as is just and equitable.

DATED:  November 13, 2024                    /s/ David R. Dubord
                                             David R. Dubord, Esq.
                                             Attorney for Movant
                                             Skelton Taintor & Abbott
                                             Phone: (207) 241-3004
                                             ddubord@sta-law.com
                                             Bar Registration No. 2335

Consent of Debtor's counsel to this Motion.

/s/Tanya Samabatakos, Esq.  November 8, 2024
Tanya Sambatakos, Esq.                  Date

4

# CERTIFICATE OF SERVICE

      I hereby certify that I have this date made service of a copy of the above Motion for Order Approving Agreement for Relief from Automatic Stay and proposed Order upon the following entities by mailing copies of the same to them by first class mail, postage pre-paid, addressed as follows:

Six Rivers Construction, LLC
12 Center Park Road, Unit 7
Topsham, ME 04086

All other parties and participants have been served electronically via the Court's ECF system.

DATED: November 13, 2024            /s/ David R. Dubord
                                                David R. Dubord
                                                Attorney for Movant